UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02009-TWP-MG |
| | ) |
| THOMSON REUTERS INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT REUTERS' MOTION TO DISMISS**

This matter is before the Court on Defendant Reuters News & Media Inc.[1] ("Reuters") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. 21). Plaintiff, Pierre Q. Pullins, ("Pullins"), alleges in his Complaint that Reuters conspired with now dismissed defendant Walmart, to invade his privacy and tortiously interfere with his employment relationship with Walmart. (Dkt. 1 at 5–8.) For the reasons stated below, the Motion to Dismiss is **granted**.

**I. BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Pullins, the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Pullins' Complaint alleges that he is employed by and works at Walmart's warehouse in Plainfield, Indiana. Walmart wrongly denied him two promotions and erroneously subjected him to disciplinary actions in late 2020 and early 2021. Then, in April 2021, a journalist employed by

---

[1] Reuters points out that it is incorrectly sued as Thomson Reuters Inc. (Dkt. 21.)

Walmart conspired with a reporter from Reuters "to invade his privacy, by having [the] reporter [] contact Pullins under the guise of legitimate First Amendment news reporting, to ask Pullins about his union activities and to find out if Pullins was working with a union, and if so, which one." (Dkt. 1 at 6.)   Pullins believes his communications with the Reuters journalist "was an intelligence gathering operation by Walmart against Pullins" and that "the reporter, Richa Naidu, was acting as an investigator and not an independent news reporter." *Id.*   Pullins further alleges that "Reuters engaged in unethical conduct and deceit to interfere with Pullins['] employment relationship with Defendant Walmart." *Id*. at 8.   The Complaint asserts two claims against Reuters:   Invasion of Privacy and Tortious Interference with an Employment Relationship.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.   However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).   Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.   The complaint must include "enough facts

2

to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints, such as that filed by Pullins, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. DISCUSSION

Pullins has not responded substantively to Reuters' Motion to Dismiss. Instead, on October 8, 2021, he filed a Motion in Opposition to Defendant Reuters News & Media Inc. Motion to Dismiss, in which he indicated his plans to file a motion seeking leave to file an amended complaint by the deadline of November 12, 2021. (Dkt. 25.) To date, no such motion or an amended complaint has been filed. The result of Pullins' failure to respond is his apparent concession to Reuters' arguments in its Motion to Dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).

Relying on Pullins' concessions, dismissal of his claims against Reuters is warranted.

But even if Pullins had addressed Reuters' contentions, the Court finds that dismissal is warranted on the merits, because the Complaint fails to state a claim upon which relief can be granted. To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. An action is "frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). While Pullins may genuinely believe that Reuters conspired with Walmart to interfere with his employment relationship with Walmart, that belief as stated in the Complaint is so implausible that it cannot be the basis of a federal claim. The Court agrees with Reuters that Pullins' allegations that Reuters engaged in an "intelligence gathering operation by Walmart [Stores East LP ("Walmart")] against Pullins" in order to "ask Pullins about his union activities and to find out if Pullins was working with a union, and if so, which one" are completely devoid of factual details and implausible on their face.

Moreover, Pullins' legal claims against Reuters for Invasion of Privacy and Tortious Interference with an Employment Relationship do not state plausible theories that are actionable or recognized under Indiana law. Pullins' claims against Reuters must be dismissed.

Having determined that dismissal is warranted, the Court must now decide whether the dismissal is with or without prejudice. Fed. R. Civ. P. 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl*

4

*Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).  Accordingly, the Court concludes that dismissal of should be without prejudice.

## IV.  **CONCLUSION**

For the reasons set forth above, Defendant Reuters' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 21) is **GRANTED**.  Pullins is **granted** leave to file an amended complaint within **fourteen (14) days** of the date of this Entry, if he believes an amended complaint would survive another motion to dismiss.  If nothing is filed, the Court will convert the dismissal to one with prejudice and a final appealable judgment will be promptly entered.

**SO ORDERED.**

Date:   11/30/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Pierre Q. Pullins
6120 Westlake Drive North, Apt. B
Indianapolis, Indiana   46224

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Katherine M. Bolger
DAVIS WRIGHT TREMAINE LLP
katebolger@dwt.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net