UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02009-TWP-MG |
| | ) |
| THOMSON REUTERS INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANTS MOTION TO DISMISS

This matter is before the Court on Defendant Reuters News & Media Inc.'s ("Reuters") Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 45). *Pro se* Plaintiff, Pierre Q. Pullins ("Pullins") alleges in his Amended Complaint that Reuters civilly conspired with Walmart Stores East, LP ("Walmart"), committed fraud and deception, and abuse of power (Dkt. 39). In particular, Pullins alleges that Walmart conspired with Reuters, and that Reuters used its reporter Richa Naidu ("Naidu") to conduct illegal surveillance of Pullins' union activities in violation of the National Labor Relations Act ("NLRA"). (Dkt. 50 at 1.) Reuters argues that the Amended Complaint also fails to state a claim and requests dismissal with prejudice. For the reasons stated below, the Motion to Dismiss is **granted**.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Pullins, the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In February 2021, Pullins' lawsuit against now dismissed Defendant Walmart, (his former employer), was ended at the Seventh Circuit Court of Appeals. (Dkt. 39 at 5.) From late 2020 until April 2021, Pullins posted pro-union messages on his Facebook page, filed charges against Walmart with the Equal Employment Opportunity Commission and National Labor Relations Board, and was actively posting on the Facebook page of Amazon Labor Activist Jennifer Bates who was actively trying to organize the Amazon warehouse in Bessemer, Alabama. *Id*. On his Facebook page, Pullins was also actively encouraging Walmart employees to organize. *Id*. In April 2021, Naidu, a journalist working for Reuters, contacted Pullins on Facebook Messenger. *Id*. She informed Pullins that she was not presently working on a story about Walmart and unions, but if she ever did she would like to get in touch with him. Naidu also questioned Pullins about his union activities, his coworkers, and inquired as to which union he had gotten in touch with. *Id*. Pullins declined to give Naidu any information and ended his correspondence with her. *Id*. "Given the timing, and the fact Naidu stated she was not working on a story about Walmart and unions, Pullins believes that Naidu [was] actually working as an investigator and not engaged in Constitutionally protected journalism." *Id*. He also "believes this was an attempt by Walmart to engage in illegal surveillance of his union activities in violation of the National Labor Relations Act." *Id*. Pullins further alleges that Reuters assisted Walmart in an attempt to violate his federally protected rights. *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual

allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*. The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints such as that filed by Pullins are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.  DISCUSSION

Pullins originally filed a Complaint alleging that Reuters conspired with Walmart to invade his privacy and tortiously interfere with his employment relationship with Walmart. (Dkt. 1.) The Court granted Reuter's Motion to Dismiss, (Dkt. 21), finding the original complaint failed to state a claim upon which relief could be granted; however, Pullins was granted leave to file an

3

amended complaint[1]. (Dkt. 33.) In his Amended Complaint, Pullins alleges Count 1: Civil Conspiracy, Count 2: Fraud and Deception, and Count 3: Abuse of Power. (Dkt. 39 at 5.)

Reuters argues that like the original complaint, the Amended Complaint should be dismissed because Pullins' allegations that it had reached out to him as part of an intelligence gathering operation on behalf of Walmart "are completely devoid of factual details and implausible on their face." (Dkt. 46 at 2.) Reuters contends Pullins' claims that Naidu "[was] actually working as an investigator and not engaged in Constitutionally protected journalism" and for some unknown reason was actually conspiring with Pullins' employer Walmart "to engage in illegal surveillance of his union activities" are unfounded and implausible beliefs. *Id*. at 2-3.

In his Response, Pullins points to the email communication from Naidu -- in which she writes "Gotcha. I write about Walmart as well. I'm not working on a story about them and unions right now, but if ever I am, would you mind if I got in touch?" -- as the basis for his beliefs. (Dkt. 50 at 2.) He argues that "Naidu's own words contradict the Defendants [sic] assertion that she was conducting research for a potential article focusing on the efforts by warehouse employees to unionize." *Id*.

In their Reply, Reuters argues that Pullins' interpretation of certain messages sent by Naidu, fails to give rise to any of the alleged causes of action because Pullins has not set forth the elements of his claims and the Amended Complaint should be dismissed on this basis alone. (Dkt. 51 at 2.)

To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. An action is "frivolous where it lacks an

---

[1] Fed. R. Civ. P. 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The Amended Complaint is dismissed because it fails to state a claim upon which relief can be granted. Pullins' claim of civil conspiracy fails because his belief that Reuters conspired with Walmart as set forth in the Amended Complaint, remains implausible such that it cannot be the basis of any federal claim. The Court agrees with Reuters that Pullins' allegations that Reuters engaged in an "intelligence gathering operation by Walmart … against Pullins" in order to "ask Pullins about his union activities and to find out if Pullins was working with a union, and if so, which one" are completely devoid of factual details and implausible on their face. (Dkt. 51 at 3.)

Moreover, as Reuters has pointed out, there is no cause of action for conspiracy in Indiana; rather, there is only a cause of action for damages resulting from conspiracy. *See Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). "Civil conspiracy is defined as a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington*, at 168. In order to state a plausible claim for civil conspiracy, "the complaint must allege some unlawful act underlying the defendants' concerted action. In other words, it is not enough that the alleged conspirators acted in concert … rather … there must be some intentional underlying act of wrongdoing by each of the coconspirators." *Crystal Valley Sales, Inc. v. Anderson*, 22 N.E.3d 646 (Ind. Ct. App. 2014). Pullins allegations of Reuters assisting Walmart in an alleged attempt to violate the NLRA or other "federally protected rights" does not allege unlawful conduct on the part of Reuters. Accordingly, the civil conspiracy claim is dismissed.

5

Pullins' state law claims fare no better. His claim for fraud must be dismissed because the Amended Complaint fails to allege any of the elements which would support this claim. Under Indiana law, the elements of fraud are: "(1) a material misrepresentation of past or existing fact by the party to be charged which, (2) was false, (3) was made with knowledge or in reckless ignorance of the falsity, (4) was made with intent to deceive, (5) was relied upon by the complaining party, and (6) proximately caused the complaining party injury." *Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct. App. 2008) (citing *Bilimoria Computer Sys., LLC v. Am. Online*, Inc., 829 N.E.2d 150, 155 (Ind. Ct. App. 2005)). The Amended Complaint fails to allege any one of these elements.

Likewise, Pullins' deception claim lacks merit. Indiana does not provide for a common law claim for "deception" and statutory deception claims may be pursued in two ways: (1) under the Indiana Deceptive Consumer Sales Act (Ind. Code 24-5-0.5-1, *et seq*.); or (2) under the criminal statute prohibiting "identity deception" (Ind. Code 35-43-5- 3.5) under the Crime Victims Relief Act (Ind. Code 34-24-3-1). Neither of these circumstances apply here.

Finally, Reuters argues the claim for abuse of power fails "because Pullins provides no details to ascertain the thrust of his claim for abuse of power and there appears to be no common law civil claim in Indiana for "abuse of power" against a non-governmental defendant like Reuters." *See*, *e.g.*, *Palka v. Shelton*, 623 F.3d 447, 453-454 (7th Cir. 2010) ("The Due Process Clause protects citizens from abuses of power by executive officials – including law enforcement officials – but official misconduct will rise to the level of a constitutional violation only if it shocks the conscience.") (citing *Russ v. Watts*, 414 F.3d 783, 789 (7th Cir. 2005)). The Court agrees. The Amended Complaint fails to state a plausible theory for abuse of power that is actionable or

6

recognized under Indiana law, and this claim must also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant Reuters' Motion to Dismiss (Dkt. 45) is **GRANTED** and this case **is DISMISSED with prejudice**. Plaintiff's Motion for Leave to file Surreply to Defendants' Reply Brief (Dkt. 52) is **DENIED as MOOT**.

Final judgment will issue is a separate entry.

**SO ORDERED.**

Date: 3/28/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Pierre Q. Pullins
6120 Westlake Drive North, Apt. B
Indianapolis, Indiana 46224

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Katherine M. Bolger
DAVIS WRIGHT TREMAINE LLP
katebolger@dwt.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net